UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ADAM BARNETT, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1724-B |
| KEITH HOUSER, et al., | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Adam Barnett and Third-Party Defendants William Seminario and Hamilton Holdings PA, Inc. ("the Movants") move to remand this case to the 68th Judicial District Court of Dallas County, Texas on the following grounds: (1) the case cannot be removed to federal court based on the Defendants' claim; (2) there is no federal jurisdiction to support removal because the Sarbanes-Oxley Act provides for federal jurisdiction only when 180 days have passed without a ruling by the Secretary of Labor ; (3) not all of the Defendants have consented to removal; and (4) the notice of removal is defective. (doc. 5). The Movants also request the costs incurred as a result of the improper removal and Rule 11 sanctions. For the reasons that follow, the Motion to Remand is **GRANTED,** and the request for costs and sanctions is **DENIED.**

### I. Background

Defendants Keith Houser, Kim Peralta-Jacobs, and Biotech Medics ("Defendants") removed this lawsuit on October 11, 2007. In their notice of removal, the Defendants asserted that this case is removable pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1441(c); 28 U.S.C. § 1446(b); and 18

1

U.S.C. § 1514A *et seq.*, without further explanation. They also stated that the Plaintiff filed a civil action involving the following causes of action: (1)Defamation; (2)Business Disparagement; (3) Defamation by Posting Pleadings on the Internet; (4) Intentional Misrepresentation and Fraud; (5)Negligent Misrepresentation; (6) Fraud in a Stock Transaction; (7) Piercing the Corporate Veil; (8) Breach of Contract; (9)Tortious Interference; (10) Application for Injunctive Relief; and (11) Application for a Receivership against Defendants. Defendants have filed counterclaims for (1)Defamation; (2) Business Disparagement; (3) Conversion; (4) Theft Liability Act; (5) Conspiracy; (6) Unjust Enrichment; (7) Default on Promissory Note; (8) Breach of Contract; (9) Alter Ego; (10) Violation of Court Order; (11) Intentional Misrepresentation and Fraud; (12) Negligent Misrepresentation; (13) Frivolous Filing of Pleadings; and (14) Violation of the Sarbanes-Oxley Whistleblower Statute, 18 U.S.C. § 1514A *et seq.*

## II. Analysis

### A. Legal Standard

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id*. In the removal context, this is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All doubts and ambiguities concerning the propriety of removal must be resolved against removal and in favor of remand. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### B. Well-Pleaded Complaint Rule

The Movants first argue that the case may not be removed based on a federal question in the Defendants' counterclaim. Under the well-pleaded complaint rule, for a district court to have

jurisdiction in a removal action pursuant to 28 U.S.C. § 1441, "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998)(quoting 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3722, at 255-60) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). In this case, all of the Plaintiff's claims are based on state law, and the only claim involving federal law is the Defendants' Sarbanes-Oxley counterclaim. Because a counterclaim based on a federal question is insufficient to confer jurisdiction on this Court, removal was improper. Accordingly, this case should be remanded to state court, and the Court need not address the Movants' other grounds for remanding the case.

**C.    The Defendants' Arguments**

The Court is not persuaded by the arguments made by the Defendants in favor of removal. The Defendants argue: (1) "Defendant's motion for removal is based upon voluntary acts of Plaintiff in asserting in their Motion to Strike and for Sanctions on September 19, 2007 that jurisdiction for violations of the Sarbanes-Oxley Whistleblower Statute lies solely in federal, not state court; (2) Removal is proper due to the fact that the Sarbanes-Oxley Whistleblower Act pre-empts state law and any state court action for retaliation against whistleblowers is pre-empted by Sarbanes Oxley; (3) The federal court has jurisdiction to hear Sarbanes-Oxley Whistleblower actions prior to action by the Department of Labor where there are exigent circumstances; and (4) Defendant Ed Thompson is a nominal or formal party who need not join in a notice of removal. (Def.'s Resp. 1-2). The Court will only consider the Defendants' first two arguments because the second two arguments

3

do not address the well-pleaded complaint rule but instead respond to the Movants' other grounds for remand.[1] The Court has not relied on these other grounds for remand in granting this Motion to Remand.

The Defendants first argue that the Plaintiff has interposed federal law in its motion to strike and for sanctions. (Def.'s Resp. 6). According to the Defendants, on September 11, 2007, they filed their Second Amended Petition and Counterclaim in state court and included a claim under the Sarbanes-Oxley Act. (*Id.* at 5). The Defendants included attorney Andrew Jones ("Jones") with respect to some of the counterclaims but later filed a Third Amended Answer and Counterclaim eliminating Jones from the lawsuit. (*Id.* at 5-6). The Movants filed a motion to strike and for sanctions claiming that the claims against Jones were frivolous and that the Sarbanes-Oxley claim could only be filed in federal court. (*Id.* at 6). The state court imposed sanctions against the Defendants for failing to promptly remove Jones from the action and denied the Movants motion to strike "suggesting that it would be a proper case for removal to federal court." (*Id.*). The Defendants claim that the Movants, by filing the motion to strike and for sanctions, voluntarily interposed a federal question that did not appear in their complaint making removal appropriate. (*Id.*). The two cases that they cited for this proposition, *Federal Deposit Insurance Corp. v. Otero*, 598 F.2d 627 (1st Cir. 1979) and *Thompson v. Pyramid Constructors*, 125 F. Supp. 2d 200 (E.D. Tex. 2000), do not support removal in this case.

---

[1]The Defendants' argument that a federal court may hear a Sarbanes-Oxley action prior to action by the Department of Labor if exigent circumstances exist is a response to the Movants' second ground of removal–that there is no federal jurisdiction because 180 days have not passed without a ruling by the Secretary of Labor. The Defendants' argument that Ed Thompson is a nominal or formal party responds to the Movants' third ground of removal–that not all of the Defendants have consented to removal.

4

In *Otero*, after a bank originally filed a collection suit in state court, the Federal Deposit Insurance Corporation ("FDIC") substituted itself as plaintiff, and the defendants removed the case to federal court based on a statute stating that federal courts would have jurisdiction over lawsuits in which the FDIC is a party. 598 F.2d at 629. The federal court held that it had jurisdiction because the FDIC became a party and the fact that the bank had already instituted an action in state court did not preclude jurisdiction. *Id.* The case at hand does not involve the situation in which a plaintiff voluntary becomes a party making federal jurisdiction appropriate. In *Thompson*, the plaintiff asserted state law claims in state court and in response to the defendant's motion for summary judgment referenced the Constitution and responded to the defendant's argument that the case would be more appropriate as a Title VII case. 125 F. Supp. 2d at 202. The defendant claimed that the case should be removed because "a pleading, such as a response to a motion for summary judgment can . . . be sufficient to put the defendant on notice that a federal cause of action has been pled." *Id.* at 203. The court granted the plaintiff's motion to remand explaining that the plaintiff did not state a federal cause of action in its response to the motion for summary judgment. *Id.* at 204. The court also stated that "removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not 'arise under' federal law, it is not removable on federal question grounds." *Id.* In this case, the plaintiff's motion to strike and for sanctions claiming that the state court does not have jurisdiction over the Defendants' federal counter-claim is not an assertion of a federal cause of action. The plaintiff has not voluntarily interposed federal law into the case; therefore, removal is inappropriate.

The Defendants next argue that the Sarbanes-Oxley Whistleblower Act completely preempts state law thereby conferring original and removal jurisdiction in the federal court. (Def.'s

Resp. 7). The complete pre-emption doctrine is a corollary to the well-pleaded complaint rule providing that "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386-87 (1987); *see also Metro. Life Ins. Co. v. Gen. Motors Corp.*, 481 U.S. 58, 63-64 (1987) ("One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). The Defendants' pre-emption argument is unclear. Because the Defendants have not explained how any of the plaintiff's state law claims involve or could be pre-empted by Sarbanes-Oxley, the Court assumes that the Defendants are arguing that the case should be removed because their own counterclaim is pre-empted by Sarbanes-Oxley. The complete pre-emption doctrine does not apply when the defendant argues that its counter-claim is pre-empted by federal law. *See Aetna Health v. Kirshner*, 415 F. Supp. 2d 109, 114 (D. Conn. 2006) (holding that the defendant's counterclaims, which were allegedly pre-empted by ERISA, could not serve as a basis for removal). For example, in *Garbaccio*, the plaintiff asserted state law claims in state court, and the defendant removed to federal court arguing that the federal court had jurisdiction over its counterclaim that was pre-empted by the Natural Gas Pipeline Safety Act. *Garbaccio v. Columbia Gas Transmission Corp.*, 289 F. Supp.2d 903, 905 (N.D. Ohio 2003). The court stated that this argument failed because "'[t]here has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule.'" *Id.* (quoting *Texas v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998)). The court did not have jurisdiction because the plaintiff's cause of action was not an action under federal law. *Id.* at 906. In conclusion, the pre-

emption corollary to the well-pleaded complaint rule does not apply in this case where the Defendants assert that their counterclaims, as opposed to the plaintiff's claims, are pre-empted. The Defendants have failed to meet their burden of establishing federal jurisdiction; therefore, remand is appropriate.

**D.     Costs, Attorneys' fees, and Sanctions**

Having concluded that the Movants' motion to remand should be granted, the Court now turns to the Movants' request for costs and expenses, including attorneys' fees, incurred as a result of the removal and for sanctions pursuant to Federal Rule of Civil Procedure 11. In determining whether to award attorneys' fees for improper removal, the court will consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper," and this determination will be reviewed for an abuse of discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291, 293 (5th Cir. 2000). In this case, the Defendants have misinterpreted the well- pleaded complaint rule and the complete pre-emption doctrine. However, the Court finds that the Defendants may have had objectively reasonable grounds to believe removal was proper based on their claim that the state court judge "denied Plaintiff and Third Party Defendants' motion to strike suggesting that it would be a proper case for removal to federal court." (Defs.' Resp. 6). Accordingly, the Movants' motion for costs and sanctions is **DENIED.**

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** that the Plaintiff's and Third Party Defendants' Motion to Remand is **GRANTED** and that this case should be and hereby is **REMANDED** to the 68th Judicial District Court of Dallas County, Texas. The Clerk of Court is directed to transmit the file to the District Clerk of Dallas County, Texas in the usual course. The

7

Movants' request for costs, attorneys' fees, and sanctions is **DENIED**.

**SO ORDERED**

**SIGNED January 9th , 2008**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**